UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: _____

| | | |
|---|---|---|
| **BARBARA R. DRENNEN.** | ) | |
| *Plaintiff.* | ) | |
| Vs. | ) | **COMPLAINT** |
| | ) | **(COMP)** |
| **FCM-BURLINGTON, LLC, and** | ) | |
| **KELLEY TECHNICAL COATINGS, INC.** | ) | |
| *Defendants.* | ) | |

This COMPLAINT is filed to serve Defendants FCM-Burlington, LLC; and Kelley Technical Coatings Inc. The Plaintiff, Barbara R. Drennen, (hereinafter referred to as "Plaintiff") complaining of Defendants alleges as follows:

### Statement of Jurisdiction

1. The Plaintiff is a citizen of San Diego County, California. The Defendant, FCM Burlington, LLC., is a corporation incorporated, under the laws of North Carolina, having its principal place of business in Burlington, North Carolina. The Defendant Kelley Technical Coatings, Inc. is a corporation incorporated, under the laws of Kentucky, having a principal place of business in Louisville, Kentucky. The amount in controversy in this action, without interest and costs exceeds the sum or value of $75,000.00 as specified by 28 U.S.C. § 1332.

## Parties

2. The Plaintiff is a citizen and resident of San Diego County, California.

3. The Defendant, FCM-Burlington, LLC, d/b/a/ Courtyard By Marriott, is a North Carolina corporation conducting business in Alamance County North Carolina and having a principal place of business located in Burlington, North Carolina. The Registered Agent for Service is Richard Y. Tharrington, 300 North Winstead Avenue, Rocky Mount, North Carolina 27804.

4. The Defendant Kelley Technical Coatings, Inc. is a Kentucky corporation conducting business throughout the United States, and having a principal place of business located in Louisville, Kentucky. The Registered Agent for Service is John R. Kelley Jr., 1445 South 15th St. Louisville, KY 40210.

## Facts

5. Plaintiff was an invitee of defendant FCM-Burlington, LLC., and was staying at the Courtyard By Marriott located at 3141 Wilson Drive, Burlington, North Carolina as a hotel guest and invitee.

6. On or about August 5, 2005, plaintiff attempted to enter the pool at the Courtyard By Marriott in Burlington. Plaintiff exercised reasonable care, by holding onto the rail, when she attempted to access the water.

7. Plaintiff attempted to enter said pool by utilizing the steps accessing the pool. Unknown to the plaintiff, the steps in question had recently been repainted in the Spring of 2005 by employees of Defendant Courtyard by Marriott with Paralon 2 chlorinated rubber paint that had been manufactured by Defendant Kelley Technical Coatings, Inc.

8.  As plaintiff entered the pool, plaintiff slipped on the top step, falling and striking her arm on the rail and hitting her back and hip on the step.

9.  It was noted by the manager Jessica Ward in her Report of Accident/Incident that the pool steps felt slick by the touch of her hand.

10. It was reported that a similar incident had occurred involving a young child in the same pool on or about the same date as the incident in question.

11. Plaintiff described that the step in question was very slippery like ice.

12. On August 9, 2005, plaintiff went to the emergency room and had an X-Ray and then was subsequently scheduled for an MRI.

13. On September 2, 2005 plaintiff had an MRI and it was discovered that she had a bulging disc in her lower back.

14. Plaintiff suffered from muscle spasms and was prescribed physical therapy as well as medication to address the pain.

15. Plaintiff began suffering from stiffness in her lower back as well as shooting, tingling pain into her right leg.

16. Plaintiff was unable to continue in her position as a car salesperson. Since the date of the accident she has continued to suffer from back pain and has undergone injections, further MRI's and surgery in order to address her back pain which has provided her with little if any relief.

17. Defendants in this action were negligent in failing to maintain a swimming pool step that was safe for its invitees to enter the pool; for failure to warn of a potential hazard such as a slippery swimming pool step; failure to warn that other invitees had fallen due to this

existing hazard; and failure to provide general safety precautions to protect its invitees from this hidden danger which caused injury to plaintiff as listed above.

18. The application of the Paralon 2 chlorinated rubber paint to the steps in question was an application consistent with the Manufacture's intended safe use of the product, for which the product was originally designed.

19. The Paralon 2 chlorinated rubber paint applied to the steps in question was neither altered nor modified from its original condition at any time prior to or during its application.

20. The Paralon 2 chlorinated rubber paint was applied to the steps in question in accordance with the instructions and specifications as provided by the Manufacture with regards to the application of this product.

21. The Paralon 2 chlorinated rubber paint was not applied to the steps consistent with safe building practices as sand/silica was not added to the paint at the steps, causing the steps to be too slippery and thereby create a hazard.

22. Defendant Kelley Technical Coatings, Inc. failed to provide in its instructions and labeling that sand/ silica should be added to the paint at shallow walkway areas such as steps and ramps; failed to adequately test and design a safe application of its Paralon 2 chlorinated rubber paint to shallow steps and walkways.

23. As a result of the accident, Plaintiff suffered injuries requiring extensive medical treatment.  Defendants' negligence in causing the accident was the direct and proximate cause of Plaintiff's injuries.  Plaintiff   is entitled to recover from Defendants compensatory damages as a direct and proximate result of Defendants' negligence.

## Claim One

## Negligence of Defendant FCM-Burlington, LLC

24. Plaintiff hereby incorporates the foregoing paragraphs 1 through 23 above as if fully set forth herein.

25. As stated above, Plaintiff has suffered injuries resulting from the negligent actions of Defendant, FCM-Burlington, LLC., and alleges that Defendant's FCM-Burlington, LLC's : 1) failure to have the Paralon 2 chlorinated rubber paint professionally applied to the steps in question with the services of a technician trained in the safe application of this product; and 2) failure to apply the Paralon 2 chlorinated rubber paint to the steps consistent with safe building practices such as adding sand/silica to the paint at the steps, causing the steps to be too slippery and thereby create a hazard; and 3) the failure to routinely inspect the steps in question for any existing slip hazards; and 4) the failure to adequately maintain said steps by properly cleaning said steps to prevent the occurrence of any latent slip hazards, is the actual and proximate cause of Plaintiff's injury. Plaintiff further alleges that, Defendant FCM-Burlington, LLC breached the duty they owed to Plaintiff by failing to inspect and warn invitees of discoverable hazards; and that Defendant FCM-Burlington, LLC was deemed to have constructive knowledge of the condition of the steps in question; and that said breach is the actual and proximate cause of Plaintiff's injury. Accordingly, Plaintiff is entitled to recover from Defendant FCM-Burlington, LLC compensatory damages in excess of $75,000.00 for the injuries sustained during the period of her disability, and continuing hereafter.

## Claim Two

### Negligence of Defendant Kelley Technical Coatings, Inc.

26. Plaintiff hereby incorporates the foregoing paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant Kelley Technical Coatings, Inc. is the Manufacturer who designs, and otherwise prepares the product labeled and sold as Paralon 2 chlorinated rubber paint, and that Paralon 2 chlorinated rubber paint was in fact applied to the surface of the steps in question where Plaintiff sustained injury as a hotel guest and a business invitee of Defendant FCM-Burlington, LLC.

28. At the time the Paralon 2 chlorinated rubber paint was manufactured, the manufacture acted unreasonably in designing and formulating this product and that said conduct is the proximate cause of Plaintiff's injury. At the time this product left Defendant's control, Defendant Kelley Technical Coatings, Inc. failed to adopt a safer and otherwise more reasonable alternative that would have substantially reduced the risk of harm Plaintiff suffered without impairing the usefulness, practicality, or desirability of the product.

29. The Paralon 2 chlorinated rubber paint, applied to the steps in question, was neither altered nor modified from its original condition at any time prior to or during its application. The Paralon 2 chlorinated rubber paint was applied to the steps in question in accordance with the instructions and specifications as provided for by the Manufacture regarding the application of this product. The application of the Paralon 2 chlorinated rubber paint to the steps in question was a foreseeable use of the product, and was consistent with the intended safe use of the product as it is originally designed, but for the application of the Paralon 2 chlorinated rubber paint to the steps in question, without instructing or requiring the addition of sand/silica or

other anti-slip material to the product on the steps in question, Plaintiff would not have sustained injury. Accordingly, Plaintiff is entitled to recover from Defendant Kelley Technical Coatings, Ind. compensatory damages in excess of $75,000.00 for the injuries sustained during the period of her disability, and continuing hereafter.

**Prayer For Relief**

WHEREFORE, plaintiff requests the following relief:

1.  That Plaintiff have and recover of Defendants jointly and severally compensatory damages in excess of $75,000.00;

2.  That the costs of this action be taxed against the Defendants, including reasonable attorney fees as by law provided;

3.  For a jury trial; and

4.  That this Court award such other and further relief as it deems just and proper.

The plaintiff hereby demands a trial by jury on all issues presented herein.

This the 10th day of August, 2010.

/s/ Todd M. Peebles
Todd M. Peebles
North Carolina State Bar #: 18370
PEEBLES LAW FIRM, PC
102 S. Cherry Street
Winston-Salem, NC 27101
Telephone: (336) 723-7361
tp@peebleslawfirm.com